UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEN BESTE, et al.,<br><br>    Appellants,<br><br>    v.<br><br>BURCHARD, et al.,<br><br>    Appellees. | Case No. 15-cv-05662-EMC<br><br>**ORDER GRANTING APPELLEE'S MOTION TO DISMISS FOR MOOTNESS AND LACK OF STANDING**<br><br>Docket No. 7 |

Appellants in this case, Paul and Melody Den Beste ("the Debtors"), appeal the November 18, 2015, Final Decree of the bankruptcy court, which closed the case, discharged the Trustee, and abandoned all unadministered assets to the Debtors. *See* 11 U.S.C. § 350 (a) ("After an estate is fully administered and the court has discharged the trustee, the court shall close the case."); 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). After filing the instant appeal, the Debtors also filed a motion to reopen in the bankruptcy court. Docket No. 7-2 Ex. D. The Court denied the motion, finding that it would be a "pointless exercise," given the fact that the estate was "hopelessly insolvent" and all remaining assets abandoned to the Debtors and thus deemed administered. Docket No. 7-2 Ex. E. Appellees, Trustees David Burchard and Jeffry Locke, have moved to dismiss the appeal as moot and for lack of standing. Docket No. 7 ("Motion"). The Court **GRANTS** the motion.

The Ninth Circuit has long held that "[a]ppellate standing requires that a party be directly and adversely affected by the order of the bankruptcy court – that it diminish the appellant's property, increase its burdens, or detrimentally affect its rights." *In re Thorpe Insulation Co.*, 677

1  F.3d 869, 884 (9th Cir. 2012) (citing *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.),* 177 F.3d 774, 777 (9th Cir.1999)).  The bankruptcy court's purely administrative order closing the case, at the conclusion of protracted litigation, did none of these things.  The Debtors' estate was, as the bankruptcy court noted, already "hopelessly insolvent."  Indeed, because upon the closing of a bankruptcy case, any remaining assets are abandoned to the debtor, the Final Decree could only have benefitted the Debtors in this case – it did not detrimentally affect the Debtors' rights.

The Debtors do not meaningfully dispute any of these points.  Instead, the Debtors make a number of unsubstantiated allegations that various parties, including the bankruptcy judge in the present case, as well as a number of the lawyers involved in the litigation, have "acted in collusion and conspiracy" to commit fraud through their conduct of the present case.  Docket No. 14 ("Response") at 7.  The Debtors also ask that this case "be transferred to a true Article III Court presided over by a true Article III Judge who is not and never has been a member of the STATE BAR OF CALIFORNIA," as the Debtors appear to suggest that any member of the California Bar will be necessarily tainted by these purported fraudulent acts.  Response at 2.  Not only are Debtors allegations entirely irrelevant to the question of their standing to appeal the Final Decree, but they are also altogether incredible.  Indeed, in denying discharge in this case, the bankruptcy court found that the Den Bestes had themselves engaged in fraud when they "knowingly and fraudulently filed false schedules under oath with the intent to thwart [a creditor] in her efforts to enforce the judgments lawfully assigned to her and with the intent to conceal material assets from her."  *In re Den Beste*, No. BR 10-13558, 2013 WL 1703391, at *4 (N.D. Cal. Apr. 19, 2013). That determination was affirmed on appeal both by this Court and by the Ninth Circuit.  *In re Den Beste*, 586 F. App'x 348, 349 (9th Cir. 2014).

It is apparent that the Debtors' instant appeal is merely an attempt to relitigate issues already settled.  This long-running case has been thoroughly litigated, and the decisions of the bankruptcy court have been repeatedly affirmed on appeal by this Court, by the Bankruptcy Appellate Panel, and by the Ninth Circuit.  The Debtors have no standing to appeal the bankruptcy

1  F.3d 869, 884 (9th Cir. 2012) (citing *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.),* 177 F.3d 774, 777 (9th Cir.1999)).  The bankruptcy court's purely administrative order closing the case, at the conclusion of protracted litigation, did none of these things.  The Debtors' estate was, as the bankruptcy court noted, already "hopelessly insolvent."  Indeed, because upon the closing of a bankruptcy case, any remaining assets are abandoned to the debtor, the Final Decree could only have benefitted the Debtors in this case – it did not detrimentally affect the Debtors' rights.

The Debtors do not meaningfully dispute any of these points.  Instead, the Debtors make a number of unsubstantiated allegations that various parties, including the bankruptcy judge in the present case, as well as a number of the lawyers involved in the litigation, have "acted in collusion and conspiracy" to commit fraud through their conduct of the present case.  Docket No. 14 ("Response") at 7.  The Debtors also ask that this case "be transferred to a true Article III Court presided over by a true Article III Judge who is not and never has been a member of the STATE BAR OF CALIFORNIA," as the Debtors appear to suggest that any member of the California Bar will be necessarily tainted by these purported fraudulent acts.  Response at 2.  Not only are Debtors allegations entirely irrelevant to the question of their standing to appeal the Final Decree, but they are also altogether incredible.  Indeed, in denying discharge in this case, the bankruptcy court found that the Den Bestes had themselves engaged in fraud when they "knowingly and fraudulently filed false schedules under oath with the intent to thwart [a creditor] in her efforts to enforce the judgments lawfully assigned to her and with the intent to conceal material assets from her."  *In re Den Beste*, No. BR 10-13558, 2013 WL 1703391, at *4 (N.D. Cal. Apr. 19, 2013).  That determination was affirmed on appeal both by this Court and by the Ninth Circuit.  *In re Den Beste*, 586 F. App'x 348, 349 (9th Cir. 2014).

It is apparent that the Debtors' instant appeal is merely an attempt to relitigate issues already settled.  This long-running case has been thoroughly litigated, and the decisions of the bankruptcy court have been repeatedly affirmed on appeal by this Court, by the Bankruptcy Appellate Panel, and by the Ninth Circuit.  The Debtors have no standing to appeal the bankruptcy

court's final decree. Accordingly Appellees' motion to dismiss is **GRANTED**. The Clerk is instructed to enter judgment and close the file.

This order disposes of Docket No. 7.

**IT IS SO ORDERED**.

Dated: December 21, 2016

EDWARD M. CHEN
United States District Judge